**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JANE DOE, an individual ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF OTTAWA, a Municipality, ) <br> BRENT A. ROALSON, in his individual and official ) <br> capacity, JAMES LESS, in his individual and ) <br> official capacity, STEPHANIE NELSON, in her ) <br> individual and official capacity, KARI WHALEN, in ) <br> her individual and official capacity, and SCOTT ) <br> HARDEN, in his individual and official capacity ) <br> ) <br> Defendants ) | Case No.1:23-cv-00623 <br><br> Honorable Robert W. Gettleman. <br><br> Designated as Honorable Beth W. Jantz. <br><br> JURY DEMAND |

**PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

NOW COMES the Plaintiff, JANE DOE, an individual proceeding, by and through her attorneys at Taxman, Pollock, Murray & Bekkerman, LLC and for her Plaintiff's Motion to Proceed Under Pseudonyms, states as follows:

Plaintiff respectfully requests an Order requiring the parties use a pseudonym to represent Doe, the victim identified in the Complaint attached hereto as Exhibit A. Plaintiff requests this order because the potential harm to Plaintiff exceeds the likely harm from concealment. *See Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). In the alternative, Plaintiff requests this Court permit the use of a pseudonym until dispositive motions are ruled on. *See Malibu Media, LLC v. Reynolds*, 2013 WL 870618 at *7-8 (N.D. Ill. Mar. 7, 2013).

"Under the current standard, a plaintiff wishing to proceed anonymously must rebut the presumption that parties' identities are public information by showing that her need for anonymity outweighs the harm of concealment." *See Mitze v. Saul*, 968 F.3d 689, 693 (7th Cir. 2020), *citing*

1

*Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). This Court recently collected a list of "numerous non-exhaustive factors to determine whether a movant may proceed under a pseudonum" considered by Courts across the country, which include the following:

1. Whether the movant or others might suffer retaliatory physical or mental harm by the opposing party;
2. Whether the case involves a highly sensitive and personal matter or requires the disclosure of information of the utmost intimacy;
3. Whether the movant would suffer other harms, including harassment, ridicule, embarrassment, or some other adverse outcome if her identity was made public;
4. Whether the movant would suffer an adverse outcome attributable to a refusal to pursue the case at the price of being publicly identified;
5. Whether denying the motion would increase the likelihood that similarly situated plaintiffs would be chilled from bringing similar claims;
6. Whether there is a risk of prejudice to the opposing party;
7. Whether there is evidence of ulterior motives of the movant;
8. Whether the movant's identity has been disclosed to the public or kept confidential;
9. Whether there are alternative mechanisms to protect the confidentiality of the movant;
10. Whether the opposing party is a governmental entity or a private individual;
11. Whether the movant is a minor, or was a minor at the time of the conduct at issue;
12. Whether the disclosure of the movant's name would uncover the movant's admissions of illegal conduct in violation of her Fifth Amendment right against self-incrimination; and
13. Whether the nature of the issues presented are purely legal in nature.

*Doe v. Cook County, Illinois*, 542 F.Supp.3d 779, 784-85 (N.D. Ill. 2021).

Here, Plaintiff alleges that Defendants captured, kept, and disseminated nude videos and photographs of the Plaintiff that were originally recorded by police station CCTV cameras without her consent. (*See* Exhibit A). Plaintiff alleges that the capturing, keeping, and dissemination of said photographs of the Plaintiff without her consent has caused her public shame and embarrassment. (See Exhibit A). Here, many of the factors weigh in favor of permitting the Plaintiff to proceed under a pseudonym.

First, there is a risk of retaliatory physical or mental harm from the opposing party. All of the defendants, except Stephanie Nelson, are public officials in the City of Ottawa. Plaintiff still

maintains a residence in the town, and has many friends and family who live in the area. Keeping her name anonymous in the pleading quashes this risk. The first factor weighs in favor of anonymity.

Second, this matter involves nude photographs and videos of the Plaintiff. This type of media is highly sensitive and personal, and requires handling the disclosure of information with the utmost intimacy. The second factor weighs in favor of proceeding anonymously.

Third, Plaintiff may suffer other harms, including harassment, ridicule, embarrassment, or some other adverse outcome if her identity was made public. Plaintiff's claim is that Defendants disseminated nude photos and videos of her to the public without her permission, and as a result she suffered damages. Publishing her name would only draw more attention and more publicity to this dissemination; further, publication of her name would risk further dissemination of the video. The third factor was in favor of proceeding anonymously.

The fifth factor also weighs in favor of proceeding anonymously. Here, potential plaintiffs may be chilled from bringing similar causes of action because broadcasting their name, publicly, is part and parcel of the damages claimed in the case. In other words, public embarrassment may be further by the public pronouncement of their name associated with this suit.

The sixth factor also weighs in favor of proceeding anonymously because the there is no risk of prejudice to the Defendants. Plaintiff has identified a date and location of arrest, as well as other specific facts related to the occurrence. The Defendants will not be prejudiced in their investigative nor defensive efforts. Further, on the question of the eight factor, the movant's identity has not yet been disclosed to the public. This eight factor also weighs in favor of proceeding anonymously.

In sum, at least the first, second, third, fifth, sixth, and eighth factors weigh in favor of granting this motion and permitting the plaintiff to proceed anonymously. In the age of the internet, publicly attaching Doe's name to this suit would forever relate her name to the suit's existence. Of course, the damages and legal issues at bar in this case are significant, but Plaintiff does have a life outside of the confines of this litigation.

WHEREFORE, Plaintiff respectfully requests this Court grant Plaintiff's Motion to Proceed under Psuedonym, and enter an Order requiring the parties use a pseudonym to represent Doe, the victim identified in the Complaint; in the alternative, Plaintiff requests this Court permit the use of a pseudonym until dispositive motions are ruled on; finally, Plaintiff requests that this Court enter any additional relief that this honorable court deems just and necessary.

Respectfully Submitted,

_____
Sean P. Murray

Sean P. Murray
Grant A. Bosnich
TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC
225 West Wacker Drive, Suite 1650
Chicago, Illinois 60606
Attorney No. 61090
P: 312-586-1700
F: 312-586-1701
E: smurray@tpmblegal.com
E: gbosnich@tpmblegal.com

4