**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION, CHICAGO**

| | | |
|---|---|---|
| JANE DOE, an individual | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-00623 |
| | ) | |
| v. | ) | JURY DEMAND |
| | ) | |
| CITY OF OTTAWA, a Municipality, | ) | Judge Robert W. Gettleman |
| BRENT A. ROALSON, in his individual and official | ) | |
| capacity, JAMES LESS, in his individual and | ) | Magistrate Judge Beth W. Jantz |
| official capacity, STEPHANIE NELSON, in her | ) | |
| individual and official capacity, KARI WHALEN, in | ) | |
| her individual and official capacity, and SCOTT | ) | |
| HARDEN, in his individual and official capacity | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, JANE DOE, an individual proceeding, by and through her attorneys at Taxman, Pollock, Murray & Bekkerman, LLC and for her Complaint at Law against CITY OF OTTAWA, a Municipality, BRENT A. ROALSON, in his individual and official capacity, JAMES LESS, in his individual and official capacity, STEPHANIE NELSON, in her individual and official capacity, KARI WHALEN, in her individual and official capacity, and SCOTT HARDEN, in his individual and official capacity, states as follows:

**PARTIES**

1.      On April 24, 2022 and at all times relevant, JANE DOE was lawful resident of the City of Ottawa, County of LaSalle.

2.      On April 24, 2022 and at all times relevant, Defendant CITY OF OTTAWA was a municipality in LaSalle County and acted under the color of law.

3.      On April 24, 2022 and at all times relevant, Defendant CITY OF OTTAWA Municipal Code 50-31 created an executive department of the municipal government of the city which was known as the police department and acted under the color of law.

1

4.      On April 24, 2022 and at all times relevant, Defendant BRENT A. ROALSON served as Chief of Police of Defendant CITY OF OTTAWA and acted under the color of law.

5.      On April 24, 2022 and at all times relevant, Defendant JAMES J. LESS served as Commissioner of Public Health and Safety of Defendant CITY OF OTTAWA and acted under the color of law.

6.      On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON served as a police officer of Defendant CITY OF OTTAWA and acted under the color of law.

7.      On April 24, 2022 and at all times relevant, Defendant KARI WHALEN served as a police officer of Defendant CITY OF OTTAWA and acted under the color of law.

8.      On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN served as a police officer of Defendant CITY OF OTTAWA and acted under the color of law.

## JURIDSICTION AND VENUE

9.      This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

10.     The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343.  Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

11.     Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under Title 28 of the United States Code, Section 1391(b)(2), as the events complained of occurred within this district.

## GENERAL ALLEGATIONS

12.     This case arises from the non-consensual capturing, dissemination, and publication of nude videos and photographs of JANE DOE.

13.     On April 24, 2022, Plaintiff was arrested and detained by Defendant KARI WHALEN and Defendant SCOTT HARDEN on allegations of driving under the influence.

14.     On April 24, 2022, Plaintiff was transported by Defendant KARI WHALEN to the Police Station of Defendant CITY OF OTTAWA.

15.     On April 24, 2022, cameras in the Police Station of Defendant CITY OF OTTAWA recorded video and audio footage inside the police station.

16.     On April 24, 2022, cameras in the Police Station of Defendant CITY OF OTTAWA captured video footage of the Plaintiff while she was partially and totally nude.

17.     Upon information and belief, the individual Defendants, individually and in their official capacities, and other agents, apparent agents, employees, and/or officials of Defendant CITY OF OTTAWA captured and retained, with personal cellular devices, nude videos and photographs from the video recordings that were taken by Defendant CITY OF OTTAWA cameras inside the police station.

18.     Upon information and belief, the individual Defendants, individually and in their official capacities, and other agents, apparent agents, employees, and/or officials of Defendant CITY OF OTTAWA texted, e-mailed, and otherwise published and disseminated these nude videos and photographs amongst each other and the general public.

19.     JANE DOE did not and does not consent to said capturing and retention of nude videos and photographs.

20.     JANE DOE did not and does not consent to said publication of nude videos and photographs.

21.     JANE DOE did not and does not consent to said dissemination of nude videos and photographs.

## Count I – Fourth Amendment Violation
### JANE DOE v. BRENT ROALSON

22.     Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count I.

23. On April 24, 2022 and at all times relevant, Plaintiff JANE DOE had a right to privacy under the Fourth Amendment of the United States Constitution.

24. On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON acted in his official capacity and under the color of law.

25. On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON violated the Fourth Amendment of the United States Constitution by capturing and retaining nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

26. On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON violated the Fourth Amendment of the United States Constitution by publishing nude videos and photographs of Plaintiff JANE DOE.

27. On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON violated the Fourth Amendment of the United States Constitution by disseminating nude videos and photographs of Plaintiff JANE DOE.

28. As a proximate cause of said Constitutional violation, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant BRENT ROALSON in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

### Count II – Fourteenth Amendment Violation
#### *JANE DOE v. BRENT ROALSON*

29. Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count II.

30. On April 24, 2022 and at all times relevant, Plaintiff JANE DOE had a right to be to due process under the 14th Amendment, and, as a pre-trial detainee, was entitled to be free from conditions that amount to punishment.

4

31.     On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON acted in his official capacity and under the color of law and, by and through his official action, punished JANE DOE in violation of the Fourteenth Amendment.

32.     On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON violated the Fourteenth Amendment of the United States Constitution by capturing and retaining nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

33.     On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON violated the Fourteenth Amendment of the United States Constitution by publishing nude videos and photographs of Plaintiff JANE DOE.

34.     On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON violated the Fourteenth Amendment of the United States Constitution by disseminating nude videos and photographs of Plaintiff JANE DOE.

35.     As a proximate cause of said Constitutional violation, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant BRENT ROALSON in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

### Count III – Fourteenth Amendment Violation
### *JANE DOE v. BRENT ROALSON*

36.     Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count III.

37.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE had a right to be free from discrimination on the basis of sex under the Fourteenth Amendment of the United States Constitution.

38.     On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON acted in his official capacity and under the color of law.

39.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was a female.

40.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was a member of a protected class.

41.     On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON violated the Fourteenth Amendment of the United States Constitution by capturing and retaining nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

42.     At any other time, Defendant BRENT ROALSON has not captured and retained nude videos and photographs of male pre-trial detainees at the Ottawa Police station.

43.     On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON captured nude videos and photographs of Plaintiff JANE DOE because she was a female.

44.     On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON violated the Fourteenth Amendment of the United States Constitution by publishing nude videos and photographs of Plaintiff JANE DOE.

45.     At any other time, Defendant BRENT ROALSON has not published nude videos and photographs of male pre-trial detainees at the Ottawa Police station.

46.     On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON published nude videos and photographs of Plaintiff JANE DOE because she was a female.

47.     On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON violated the Fourteenth Amendment of the United States Constitution by disseminating nude videos and photographs of Plaintiff JANE DOE.

48.     At any other time, Defendant BRENT ROALSON has not disseminated nude videos and photographs of male pre-trial detainees at the Ottawa Police station.

49.     On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON disseminated nude videos and photographs of Plaintiff JANE DOE because she was a female.

50.     As a proximate cause of said Constitutional violation, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant BRENT ROALSON in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

### Count IV – Common Law Privacy Violation
### *JANE DOE v. BRENT ROALSON*

51.     Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count IV.

52.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was afforded a right to privacy by the common law.

53.     On April 24, 2022 and at all times relevant, a reasonable person would be deeply offended by the publicity of their own nude videos and photographs.

54.     On April 24, 2022 and at all times relevant, the public had no legitimate interest in nude videos and photographs of Plaintiff JANE DOE.

55.     On April 24, 2022 and at all times relevant, there existed a statute in the State of Illinois 5 ILCS 140, titled "Freedom of Information Act."

56.     On April 24, 2022 and at all times relevant, 5 ILCS 140/7(1)(c) creates an exemption to the disclosure of "personal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

57.     On April 24, 2022 and at all times relevant, there existed a statute in the State of Illinois 720 ILCS 5/11-23.5, titled "Non-consensual Dissemination of Private Sexual Images."

58.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was above the age of 18.

59.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was identifiable in the video and photographs.

60.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE had intimate parts exposed in whole and in part in the video and images.

61.     On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON obtained the image under circumstances in which a reasonable person would know or understand that the videos and images were to remain private.

62.     On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON knew or should have known that the Plaintiff JANE DOE had not consented to the dissemination of the videos and images.

63.     On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON violated Plaintiff's common law right to privacy by capturing and retaining nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

64.     On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON violated Plaintiff's common law right to privacy by publishing nude videos and photographs of Plaintiff JANE DOE.

65.     On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON violated the Plaintiff's common law right to privacy by disseminating nude videos and photographs of Plaintiff JANE DOE.

66.     As a proximate cause of said violation of Plaintiff's common law right to privacy, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant BRENT ROALSON in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

### Count V – IIED
### *JANE DOE v. BRENT ROALSON*

67.     Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count II.

68.    On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON's conduct was extreme and outrageous when he captured nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

69.    On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON's conduct was extreme and outrageous when he published nude videos and photographs of Plaintiff JANE DOE.

70.    On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON's conduct was extreme and outrageous when he disseminated nude videos and photographs of Plaintiff JANE DOE.

71.    On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON knew that there was a high probability that capturing nude videos and photographs of Plaintiff JANE DOE on his personal cellular device would cause severe emotional distress.

72.    On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON knew that there was a high probability that publication of nude videos and photographs of Plaintiff JANE DOE would cause severe emotional distress.

73.    On April 24, 2022 and at all times relevant, Defendant BRENT ROALSON knew that there was a high probability that dissemination of nude videos and photographs of Plaintiff JANE DOE would cause severe emotional distress.

74.    Thereafter and upon learning of Defendant BRENT ROALSON's extreme and outrageous conduct, Plaintiff JANE DOE was in fact caused to suffer severe emotional distress.

75.    As a proximate cause of said extreme and outrageous conduct, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant BRENT ROALSON in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

**Count VI – Fourth Amendment Violation**

9

*JANE DOE v. JAMES LESS*

76.    Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count VI.

77.    On April 24, 2022 and at all times relevant, Plaintiff JANE DOE had a right to privacy under the Fourth Amendment of the United States Constitution.

78.    On April 24, 2022 and at all times relevant, Defendant JAMES LESS acted in his official capacity and under the color of law.

79.    On April 24, 2022 and at all times relevant, Defendant JAMES LESS violated the Fourth Amendment of the United States Constitution by capturing and retaining nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

80.    On April 24, 2022 and at all times relevant, Defendant JAMES LESS violated the Fourth Amendment of the United States Constitution by publishing nude videos and photographs of Plaintiff JANE DOE.

81.    On April 24, 2022 and at all times relevant, Defendant JAMES LESS violated the Fourth Amendment of the United States Constitution by disseminating nude videos and photographs of Plaintiff JANE DOE.

82.    As a proximate cause of said Constitutional violation, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant JAMES LESS in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

### Count VII – Fourteenth Amendment Violation
*JANE DOE v. JAMES LESS*

83.    Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count VII.

84. On April 24, 2022 and at all times relevant, Plaintiff JANE DOE had a right to be to due process under the 14th Amendment, and, as a pre-trial detainee, was entitled to be free from conditions that amount to punishment.

85. On April 24, 2022 and at all times relevant, Defendant JAMES LESS acted in his official capacity and under the color of law and, by and through his official action, punished JANE DOE in violation of the Fourteenth Amendment.

86. On April 24, 2022 and at all times relevant, Defendant JAMES LESS violated the Fourteenth Amendment of the United States Constitution by capturing and retaining nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

87. On April 24, 2022 and at all times relevant, Defendant JAMES LESS violated the Fourteenth Amendment of the United States Constitution by publishing nude videos and photographs of Plaintiff JANE DOE.

88. On April 24, 2022 and at all times relevant, Defendant JAMES LESS violated the Fourteenth Amendment of the United States Constitution by disseminating nude videos and photographs of Plaintiff JANE DOE.

89. As a proximate cause of said Constitutional violation, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant JAMES LESS in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

### Count VIII – Fourteenth Amendment Violation
*JANE DOE v. JAMES LESS*

90. Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count VIII.

11

91.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE had a right to be free from discrimination on the basis of sex under the Fourteenth Amendment of the United States Constitution.

92.     On April 24, 2022 and at all times relevant, Defendant JAMES LESS acted in his official capacity and under the color of law.

93.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was a female.

94.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was a member of a protected class.

95.     On April 24, 2022 and at all times relevant, Defendant JAMES LESS violated the Fourteenth Amendment of the United States Constitution by capturing and retaining nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

96.     At any other time, Defendant JAMES LESS has not captured and retained nude videos and photographs of male pre-trial detainees at the Ottawa Police station.

97.     On April 24, 2022 and at all times relevant, Defendant JAMES LESS captured nude videos and photographs of Plaintiff JANE DOE because she was a female.

98.     On April 24, 2022 and at all times relevant, Defendant JAMES LESS violated the Fourteenth Amendment of the United States Constitution by publishing nude videos and photographs of Plaintiff JANE DOE.

99.     At any other time, Defendant JAMES LESS has not published nude videos and photographs of male pre-trial detainees at the Ottawa Police station.

100.    On April 24, 2022 and at all times relevant, Defendant JAMES LESS published nude videos and photographs of Plaintiff JANE DOE because she was a female.

101.    On April 24, 2022 and at all times relevant, Defendant JAMES LESS violated the Fourteenth Amendment of the United States Constitution by disseminating nude videos and photographs of Plaintiff JANE DOE.

102.    At any other time, Defendant JAMES LESS has not disseminated nude videos and photographs of male pre-trial detainees at the Ottawa Police station.

12

103.     On April 24, 2022 and at all times relevant, Defendant JAMES LESS disseminated nude videos and photographs of Plaintiff JANE DOE because she was a female.

104.     As a proximate cause of said Constitutional violation, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant JAMES LESS in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

### Count IX – Common Law Privacy Violation
#### JANE DOE v. JAMES LESS

105.     Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count IX.

106.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was afforded a right to privacy by the common law.

107.     On April 24, 2022 and at all times relevant, a reasonable person would be deeply offended by the publicity of their own nude videos and photographs.

108.     On April 24, 2022 and at all times relevant, the public had no legitimate interest in nude videos and photographs of Plaintiff JANE DOE.

109.     On April 24, 2022 and at all times relevant, there existed a statute in the State of Illinois 5 ILCS 140, titled "Freedom of Information Act."

110.     On April 24, 2022 and at all times relevant, 5 ILCS 140/7(1)(c) creates an exemption to the disclosure of "personal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

111.     On April 24, 2022 and at all times relevant, there existed a statute in the State of Illinois 720 ILCS 5/11-23.5, titled "Non-consensual Dissemination of Private Sexual Images."

112.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was above the age of 18.

113.   On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was identifiable in the video and photographs.

114.   On April 24, 2022 and at all times relevant, Plaintiff JANE DOE had intimate parts exposed in whole and in part in the video and images.

115.   On April 24, 2022 and at all times relevant, Defendant JAMES LESS obtained the image under circumstances in which a reasonable person would know or understand that the videos and images were to remain private.

116.   On April 24, 2022 and at all times relevant, Defendant JAMES LESS knew or should have known that the Plaintiff JANE DOE had not consented to the dissemination of the videos and images.

117.   On April 24, 2022 and at all times relevant, Defendant JAMES LESS violated Plaintiff's common law right to privacy by capturing and retaining nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

118.   On April 24, 2022 and at all times relevant, Defendant JAMES LESS violated Plaintiff's common law right to privacy by publishing nude videos and photographs of Plaintiff JANE DOE.

119.   On April 24, 2022 and at all times relevant, Defendant JAMES LESS violated the Plaintiff's common law right to privacy by disseminating nude videos and photographs of Plaintiff JANE DOE.

120.   As a proximate cause of said violation of Plaintiff's common law right to privacy, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant JAMES LESS in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

**Count X – IIED**
*JANE DOE v. JAMES LESS*

14

121.     Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count X.

122.     On April 24, 2022 and at all times relevant, Defendant JAMES LESS's conduct was extreme and outrageous when he captured nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

123.     On April 24, 2022 and at all times relevant, Defendant JAMES LESS's conduct was extreme and outrageous when he published nude videos and photographs of Plaintiff JANE DOE.

124.     On April 24, 2022 and at all times relevant, Defendant JAMES LESS's conduct was extreme and outrageous when he disseminated nude videos and photographs of Plaintiff JANE DOE.

125.     On April 24, 2022 and at all times relevant, Defendant JAMES LESS knew that there was a high probability that capturing nude videos and photographs of Plaintiff JANE DOE on his personal cellular device would cause severe emotional distress.

126.     On April 24, 2022 and at all times relevant, Defendant JAMES LESS knew that there was a high probability that publication of nude videos and photographs of Plaintiff JANE DOE would cause severe emotional distress.

127.     On April 24, 2022 and at all times relevant, Defendant JAMES LESS knew that there was a high probability that dissemination of nude videos and photographs of Plaintiff JANE DOE would cause severe emotional distress.

128.     Thereafter and upon learning of Defendant JAMES LESS's extreme and outrageous conduct, Plaintiff JANE DOE was in fact caused to suffer severe emotional distress.

129.     As a proximate cause of said extreme and outrageous conduct, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant JAMES LESS in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

**Count XI – Fourth Amendment Violation**
*JANE DOE v. STEPHANIE NELSON*

130. Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count XI.

131. On April 24, 2022 and at all times relevant, Plaintiff JANE DOE had a right to privacy under the Fourth Amendment of the United States Constitution.

132. On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON acted in his official capacity and under the color of law.

133. On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON violated the Fourth Amendment of the United States Constitution by capturing and retaining nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

134. On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON violated the Fourth Amendment of the United States Constitution by publishing nude videos and photographs of Plaintiff JANE DOE.

135. On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON violated the Fourth Amendment of the United States Constitution by disseminating nude videos and photographs of Plaintiff JANE DOE.

136. As a proximate cause of said Constitutional violation, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant STEPHANIE NELSON in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

**Count XII – Fourteenth Amendment Violation**
*JANE DOE v. STEPHANIE NELSON*

137. Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count XII.

138.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE had a right to be to due process under the 14th Amendment, and, as a pre-trial detainee, was entitled to be free from conditions that amount to punishment.

139.     On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON acted in his official capacity and under the color of law and, by and through his official action, punished JANE DOE in violation of the Fourteenth Amendment.

140.     On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON violated the Fourteenth Amendment of the United States Constitution by capturing and retaining nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

141.     On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON violated the Fourteenth Amendment of the United States Constitution by publishing nude videos and photographs of Plaintiff JANE DOE.

142.     On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON violated the Fourteenth Amendment of the United States Constitution by disseminating nude videos and photographs of Plaintiff JANE DOE.

143.     As a proximate cause of said Constitutional violation, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant STEPHANIE NELSON in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

### Count XIII – Fourteenth Amendment Violation
#### *JANE DOE v. STEPHANIE NELSON*

144.     Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count XIII.

145.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE had a right to be free from discrimination on the basis of sex under the Fourteenth Amendment of the United States Constitution.

146.     On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON acted in his official capacity and under the color of law.

147.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was a female.

148.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was a member of a protected class.

149.     On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON violated the Fourteenth Amendment of the United States Constitution by capturing and retaining nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

150.     At any other time, Defendant STEPHANIE NELSON has not captured and retained nude videos and photographs of male pre-trial detainees at the Ottawa Police station.

151.     On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON captured nude videos and photographs of Plaintiff JANE DOE because she was a female.

152.     On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON violated the Fourteenth Amendment of the United States Constitution by publishing nude videos and photographs of Plaintiff JANE DOE.

153.     At any other time, Defendant STEPHANIE NELSON has not published nude videos and photographs of male pre-trial detainees at the Ottawa Police station.

154.     On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON published nude videos and photographs of Plaintiff JANE DOE because she was a female.

155.     On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON violated the Fourteenth Amendment of the United States Constitution by disseminating nude videos and photographs of Plaintiff JANE DOE.

156.     At any other time, Defendant STEPHANIE NELSON has not disseminated nude videos and photographs of male pre-trial detainees at the Ottawa Police station.

157.     On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON disseminated nude videos and photographs of Plaintiff JANE DOE because she was a female.

158.     As a proximate cause of said Constitutional violation, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant STEPHANIE NELSON in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

<u>**Count XIV – Common Law Privacy Violation**</u>
*JANE DOE v. STEPHANIE NELSON*

159.     Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count XIV.

160.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was afforded a right to privacy by the common law.

161.     On April 24, 2022 and at all times relevant, a reasonable person would be deeply offended by the publicity of their own nude videos and photographs.

162.     On April 24, 2022 and at all times relevant, the public had no legitimate interest in nude videos and photographs of Plaintiff JANE DOE.

163.     On April 24, 2022 and at all times relevant, there existed a statute in the State of Illinois 5 ILCS 140, titled "Freedom of Information Act."

164.     On April 24, 2022 and at all times relevant, 5 ILCS 140/7(1)(c) creates an exemption to the disclosure of "personal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

165.     On April 24, 2022 and at all times relevant, there existed a statute in the State of Illinois 720 ILCS 5/11-23.5, titled "Non-consensual Dissemination of Private Sexual Images."

166.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was above the age of 18.

19

167.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was identifiable in the video and photographs.

168.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE had intimate parts exposed in whole and in part in the video and images.

169.     On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON obtained the image under circumstances in which a reasonable person would know or understand that the videos and images were to remain private.

170.     On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON knew or should have known that the Plaintiff JANE DOE had not consented to the dissemination of the videos and images.

171.     On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON violated Plaintiff's common law right to privacy by capturing and retaining nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

172.     On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON violated Plaintiff's common law right to privacy by publishing nude videos and photographs of Plaintiff JANE DOE.

173.     On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON violated the Plaintiff's common law right to privacy by disseminating nude videos and photographs of Plaintiff JANE DOE.

174.     As a proximate cause of said violation of Plaintiff's common law right to privacy, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant STEPHANIE NELSON in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

### Count XV – IIED

*JANE DOE v. STEPHANIE NELSON*

175.    Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count XV.

176.    On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON's conduct was extreme and outrageous when he captured nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

177.    On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON's conduct was extreme and outrageous when he published nude videos and photographs of Plaintiff JANE DOE.

178.    On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON's conduct was extreme and outrageous when he disseminated nude videos and photographs of Plaintiff JANE DOE.

179.    On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON knew that there was a high probability that capturing nude videos and photographs of Plaintiff JANE DOE on his personal cellular device would cause severe emotional distress.

180.    On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON knew that there was a high probability that publication of nude videos and photographs of Plaintiff JANE DOE would cause severe emotional distress.

181.    On April 24, 2022 and at all times relevant, Defendant STEPHANIE NELSON knew that there was a high probability that dissemination of nude videos and photographs of Plaintiff JANE DOE would cause severe emotional distress.

182.    Thereafter and upon learning of Defendant STEPHANIE NELSON's extreme and outrageous conduct, Plaintiff JANE DOE was in fact caused to suffer severe emotional distress.

183.    As a proximate cause of said extreme and outrageous conduct, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant STEPHANIE NELSON in an amount in excess of $75,000 that will fairly and adequately

compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

### Count XVI – Fourth Amendment Violation
*JANE DOE v. KARI WHALEN*

184.    Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count XVI.

185.    On April 24, 2022 and at all times relevant, Plaintiff JANE DOE had a right to privacy under the Fourth Amendment of the United States Constitution.

186.    On April 24, 2022 and at all times relevant, Defendant KARI WHALEN acted in his official capacity and under the color of law.

187.    On April 24, 2022 and at all times relevant, Defendant KARI WHALEN violated the Fourth Amendment of the United States Constitution by capturing and retaining nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

188.    On April 24, 2022 and at all times relevant, Defendant KARI WHALEN violated the Fourth Amendment of the United States Constitution by publishing nude videos and photographs of Plaintiff JANE DOE.

189.    On April 24, 2022 and at all times relevant, Defendant KARI WHALEN violated the Fourth Amendment of the United States Constitution by disseminating nude videos and photographs of Plaintiff JANE DOE.

190.    As a proximate cause of said Constitutional violation, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant KARI WHALEN in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

### Count XVII – Fourteenth Amendment Violation
*JANE DOE v. KARI WHALEN*

191.     Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count XVII.

192.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE had a right to be to due process under the 14th Amendment, and, as a pre-trial detainee, was entitled to be free from conditions that amount to punishment.

193.     On April 24, 2022 and at all times relevant, Defendant KARI WHALEN acted in his official capacity and under the color of law and, by and through his official action, punished JANE DOE in violation of the Fourteenth Amendment.

194.     On April 24, 2022 and at all times relevant, Defendant KARI WHALEN violated the Fourteenth Amendment of the United States Constitution by capturing and retaining nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

195.     On April 24, 2022 and at all times relevant, Defendant KARI WHALEN violated the Fourteenth Amendment of the United States Constitution by publishing nude videos and photographs of Plaintiff JANE DOE.

196.     On April 24, 2022 and at all times relevant, Defendant KARI WHALEN violated the Fourteenth Amendment of the United States Constitution by disseminating nude videos and photographs of Plaintiff JANE DOE.

197.     As a proximate cause of said Constitutional violation, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant KARI WHALEN in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

### Count XVIII – Fourteenth Amendment Violation
#### *JANE DOE v. KARI WHALEN*

198.     Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count XVIII.

199.    On April 24, 2022 and at all times relevant, Plaintiff JANE DOE had a right to be free from discrimination on the basis of sex under the Fourteenth Amendment of the United States Constitution.

200.    On April 24, 2022 and at all times relevant, Defendant KARI WHALEN acted in his official capacity and under the color of law.

201.    On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was a female.

202.    On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was a member of a protected class.

203.    On April 24, 2022 and at all times relevant, Defendant KARI WHALEN violated the Fourteenth Amendment of the United States Constitution by capturing and retaining nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

204.    At any other time, Defendant KARI WHALEN has not captured and retained nude videos and photographs of male pre-trial detainees at the Ottawa Police station.

205.    On April 24, 2022 and at all times relevant, Defendant KARI WHALEN captured nude videos and photographs of Plaintiff JANE DOE because she was a female.

206.    On April 24, 2022 and at all times relevant, Defendant KARI WHALEN violated the Fourteenth Amendment of the United States Constitution by publishing nude videos and photographs of Plaintiff JANE DOE.

207.    At any other time, Defendant KARI WHALEN has not published nude videos and photographs of male pre-trial detainees at the Ottawa Police station.

208.    On April 24, 2022 and at all times relevant, Defendant KARI WHALEN published nude videos and photographs of Plaintiff JANE DOE because she was a female.

209.    On April 24, 2022 and at all times relevant, Defendant KARI WHALEN violated the Fourteenth Amendment of the United States Constitution by disseminating nude videos and photographs of Plaintiff JANE DOE.

210.    At any other time, Defendant KARI WHALEN has not disseminated nude videos and photographs of male pre-trial detainees at the Ottawa Police station.

211.     On April 24, 2022 and at all times relevant, Defendant KARI WHALEN disseminated nude videos and photographs of Plaintiff JANE DOE because she was a female.

212.     As a proximate cause of said Constitutional violation, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant KARI WHALEN in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

### Count XIX – Common Law Privacy Violation
#### JANE DOE v. KARI WHALEN

213.     Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count XIX.

214.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was afforded a right to privacy by the common law.

215.     On April 24, 2022 and at all times relevant, a reasonable person would be deeply offended by the publicity of their own nude videos and photographs.

216.     On April 24, 2022 and at all times relevant, the public had no legitimate interest in nude videos and photographs of Plaintiff JANE DOE.

217.     On April 24, 2022 and at all times relevant, there existed a statute in the State of Illinois 5 ILCS 140, titled "Freedom of Information Act."

218.     On April 24, 2022 and at all times relevant, 5 ILCS 140/7(1)(c) creates an exemption to the disclosure of "personal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

219.     On April 24, 2022 and at all times relevant, there existed a statute in the State of Illinois 720 ILCS 5/11-23.5, titled "Non-consensual Dissemination of Private Sexual Images."

220.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was above the age of 18.

221.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was identifiable in the video and photographs.

222.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE had intimate parts exposed in whole and in part in the video and images.

223.     On April 24, 2022 and at all times relevant, Defendant KARI WHALEN obtained the image under circumstances in which a reasonable person would know or understand that the videos and images were to remain private.

224.     On April 24, 2022 and at all times relevant, Defendant KARI WHALEN knew or should have known that the Plaintiff JANE DOE had not consented to the dissemination of the videos and images.

225.     On April 24, 2022 and at all times relevant, Defendant KARI WHALEN violated Plaintiff's common law right to privacy by capturing and retaining nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

226.     On April 24, 2022 and at all times relevant, Defendant KARI WHALEN violated Plaintiff's common law right to privacy by publishing nude videos and photographs of Plaintiff JANE DOE.

227.     On April 24, 2022 and at all times relevant, Defendant KARI WHALEN violated the Plaintiff's common law right to privacy by disseminating nude videos and photographs of Plaintiff JANE DOE.

228.     As a proximate cause of said violation of Plaintiff's common law right to privacy, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant KARI WHALEN in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

**Count XX – IIED**
*JANE DOE v. KARI WHALEN*

229.     Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count XX.

230.     On April 24, 2022 and at all times relevant, Defendant KARI WHALEN's conduct was extreme and outrageous when he captured nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

231.     On April 24, 2022 and at all times relevant, Defendant KARI WHALEN's conduct was extreme and outrageous when he published nude videos and photographs of Plaintiff JANE DOE.

232.     On April 24, 2022 and at all times relevant, Defendant KARI WHALEN's conduct was extreme and outrageous when he disseminated nude videos and photographs of Plaintiff JANE DOE.

233.     On April 24, 2022 and at all times relevant, Defendant KARI WHALEN knew that there was a high probability that capturing nude videos and photographs of Plaintiff JANE DOE on his personal cellular device would cause severe emotional distress.

234.     On April 24, 2022 and at all times relevant, Defendant KARI WHALEN knew that there was a high probability that publication of nude videos and photographs of Plaintiff JANE DOE would cause severe emotional distress.

235.     On April 24, 2022 and at all times relevant, Defendant KARI WHALEN knew that there was a high probability that dissemination of nude videos and photographs of Plaintiff JANE DOE would cause severe emotional distress.

236.     Thereafter and upon learning of Defendant KARI WHALEN's extreme and outrageous conduct, Plaintiff JANE DOE was in fact caused to suffer severe emotional distress.

237.     As a proximate cause of said extreme and outrageous conduct, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant KARI WHALEN in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

## Count XXI – Fourth Amendment Violation
### *JANE DOE v. SCOTT HARDEN*

238.     Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count XXI.

239.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE had a right to privacy under the Fourth Amendment of the United States Constitution.

240.     On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN acted in his official capacity and under the color of law.

241.     On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN violated the Fourth Amendment of the United States Constitution by capturing and retaining nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

242.     On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN violated the Fourth Amendment of the United States Constitution by publishing nude videos and photographs of Plaintiff JANE DOE.

243.     On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN violated the Fourth Amendment of the United States Constitution by disseminating nude videos and photographs of Plaintiff JANE DOE.

244.     As a proximate cause of said Constitutional violation, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant SCOTT HARDEN in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

## Count XXII – Fourteenth Amendment Violation
### *JANE DOE v. SCOTT HARDEN*

245.     Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count XXII.

246. On April 24, 2022 and at all times relevant, Plaintiff JANE DOE had a right to be to due process under the 14th Amendment, and, as a pre-trial detainee, was entitled to be free from conditions that amount to punishment.

247. On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN acted in his official capacity and under the color of law and, by and through his official action, punished JANE DOE in violation of the Fourteenth Amendment.

248. On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN violated the Fourteenth Amendment of the United States Constitution by capturing and retaining nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

249. On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN violated the Fourteenth Amendment of the United States Constitution by publishing nude videos and photographs of Plaintiff JANE DOE.

250. On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN violated the Fourteenth Amendment of the United States Constitution by disseminating nude videos and photographs of Plaintiff JANE DOE.

251. As a proximate cause of said Constitutional violation, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant SCOTT HARDEN in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

### Count XXIII – Fourteenth Amendment Violation
### *JANE DOE v. SCOTT HARDEN*

252. Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count XXIII.

253. On April 24, 2022 and at all times relevant, Plaintiff JANE DOE had a right to be free from discrimination on the basis of sex under the Fourteenth Amendment of the United States Constitution.

254. On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN acted in his official capacity and under the color of law.

255. On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was a female.

256. On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was a member of a protected class.

257. On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN violated the Fourteenth Amendment of the United States Constitution by capturing and retaining nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

258. At any other time, Defendant SCOTT HARDEN has not captured and retained nude videos and photographs of male pre-trial detainees at the Ottawa Police station.

259. On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN captured nude videos and photographs of Plaintiff JANE DOE because she was a female.

260. On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN violated the Fourteenth Amendment of the United States Constitution by publishing nude videos and photographs of Plaintiff JANE DOE.

261. At any other time, Defendant SCOTT HARDEN has not published nude videos and photographs of male pre-trial detainees at the Ottawa Police station.

262. On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN published nude videos and photographs of Plaintiff JANE DOE because she was a female.

263. On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN violated the Fourteenth Amendment of the United States Constitution by disseminating nude videos and photographs of Plaintiff JANE DOE.

264. At any other time, Defendant SCOTT HARDEN has not disseminated nude videos and photographs of male pre-trial detainees at the Ottawa Police station.

265.     On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN disseminated nude videos and photographs of Plaintiff JANE DOE because she was a female.

266.     As a proximate cause of said Constitutional violation, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant SCOTT HARDEN in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

<u>**Count XXIV – Common Law Privacy Violation**</u>
*JANE DOE v. SCOTT HARDEN*

267.     Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count XXIV.

268.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was afforded a right to privacy by the common law.

269.     On April 24, 2022 and at all times relevant, a reasonable person would be deeply offended by the publicity of their own nude videos and photographs.

270.     On April 24, 2022 and at all times relevant, the public had no legitimate interest in nude videos and photographs of Plaintiff JANE DOE.

271.     On April 24, 2022 and at all times relevant, there existed a statute in the State of Illinois 5 ILCS 140, titled "Freedom of Information Act."

272.     On April 24, 2022 and at all times relevant, 5 ILCS 140/7(1)(c) creates an exemption to the disclosure of "personal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

273.     On April 24, 2022 and at all times relevant, there existed a statute in the State of Illinois 720 ILCS 5/11-23.5, titled "Non-consensual Dissemination of Private Sexual Images."

274.     On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was above the age of 18.

31

275. On April 24, 2022 and at all times relevant, Plaintiff JANE DOE was identifiable in the video and photographs.

276. On April 24, 2022 and at all times relevant, Plaintiff JANE DOE had intimate parts exposed in whole and in part in the video and images.

277. On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN obtained the image under circumstances in which a reasonable person would know or understand that the videos and images were to remain private.

278. On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN knew or should have known that the Plaintiff JANE DOE had not consented to the dissemination of the videos and images.

279. On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN violated Plaintiff's common law right to privacy by capturing and retaining nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

280. On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN violated Plaintiff's common law right to privacy by publishing nude videos and photographs of Plaintiff JANE DOE.

281. On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN violated the Plaintiff's common law right to privacy by disseminating nude videos and photographs of Plaintiff JANE DOE.

282. As a proximate cause of said violation of Plaintiff's common law right to privacy, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant SCOTT HARDEN in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

**Count XXV – IIED**
*JANE DOE v. SCOTT HARDEN*

283.     Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count II.

284.     On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN's conduct was extreme and outrageous when he captured nude videos and photographs of Plaintiff JANE DOE on his personal cellular device.

285.     On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN's conduct was extreme and outrageous when he published nude videos and photographs of Plaintiff JANE DOE.

286.     On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN's conduct was extreme and outrageous when he disseminated nude videos and photographs of Plaintiff JANE DOE.

287.     On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN knew that there was a high probability that capturing nude videos and photographs of Plaintiff JANE DOE on his personal cellular device would cause severe emotional distress.

288.     On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN knew that there was a high probability that publication of nude videos and photographs of Plaintiff JANE DOE would cause severe emotional distress.

289.     On April 24, 2022 and at all times relevant, Defendant SCOTT HARDEN knew that there was a high probability that dissemination of nude videos and photographs of Plaintiff JANE DOE would cause severe emotional distress.

290.     Thereafter and upon learning of Defendant SCOTT HARDEN's extreme and outrageous conduct, Plaintiff JANE DOE was in fact caused to suffer severe emotional distress.

291.     As a proximate cause of said extreme and outrageous conduct, the Plaintiff, JANE DOE, suffered and continues to suffer injury, including but not limited emotional distress, public embarrassment, and reputational harm.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant SCOTT HARDEN in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

**Count XXVI - 42 U.S.C. § 1983**
**Municipal Liability:** *Monell* **against Defendant CITY OF OTTAWA**

292.     Plaintiff restates and incorporates Paragraphs 1-21 as if fully set forth in Count XXVI.

293.     The misconduct described in Counts I-XXVI was undertaken under the policy and practice

of the Defendant CITY OF OTTAWA in that:

    a.    As a matter of both policy and practice, these Defendants encourages, and is thereby the moving force behind, the very type of misconduct at issue in counts I-XXVI, including violation of Fourth Amendment privacy rights, cruel and unusual punishment, sexual discrimination, violation of common law privacy rights and intentional infliction of emotional distress, by failing to adequately train, supervise, control and discipline its officers such that its failure to do so manifests deliberate indifference.

    b.    Specifically, Defendant CITY OF OTTAWA has failed, as a matter of policy and practice, to properly train, instruct, and supervise its employees on the right to privacy and other rights afforded the Citizens of the United States and of Illinois under the Fourth Amendment, the Eighth Amendment, the Fourteenth Amendment, and the common law.

    c.    As a matter of both policy and practice, these Defendants facilitate the very type of misconduct at issue in Counts I-XXVI by failing to adequately investigate, punish, and discipline prior instances of similar misconduct, thereby leading Defendants to believe their actions will never be meaningfully scrutinized.  Accordingly, in that way, these Defendants directly encourage future due process violations, fourth amendment violations, use excessive force, continued failure to intervene, and engagement in conspiracy, such as those that Plaintiff complains of.

    d.    Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, Defendants violate the constitutional rights of individuals in a manner similar to that alleged by Plaintiff in Counts I- XXVI on a regular basis, yet these Defendants investigate officer misconduct and make findings of wrongdoing in a disproportionately small number of cases.

294.     On April 24, 2022 and before, upon information and belief, other similar incidents of

misconduct occurred where Defendants and other City of Ottawa officials and employees would share

photos and videos captured from the Ottawa Police Department CCTV cameras and other public cameras.

295.     On April 24, 2022 and before, upon information and belief, no punishment was issued for

these other incident of sharing photos and videos captured from the Ottawa Police Department CCTV

cameras and other public cameras.

34

296.     On April 24, 2022, upon information and belief, Defendant CITY OF OTTAWA's hiring process contains no training or instruction on the right to privacy and other rights afforded US Citizens under the Fourth Amendment, the Fourteenth Amendment, and the Common Law.

297.     On April 24, 2022 and before, violations of the constitutional and common law rights of pre-trial detainees is and was a foreseeable consequence of Defendant CITY OF OTTAWA's failure to train, instruct, and supervise on issues of right to privacy and other rights afforded US Citizens under the Fourth Amendment, the Fourteenth Amendment and the Common Law.

298.     As a result of these Defendants policies and practices, deliberate indifference, and the unjustified and unreasonable conduct of the Defendants, Plaintiff JANE DOE, suffered and will continue to suffer damages including but not limited to money damages, expenses, pain and suffering, loss of normal life, and severe emotional distress.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant CITY OF OTTAWA in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

## Count XXVII – Respondeat Superior
### JANE DOE V. CITY OF OTTAWA

299.     Each and every paragraph of this complaint is incorporated herein to Plaintiff's Count XVI.

300.     At all times relevant, Defendant JAMES LESS, Defendant BRENT ROALSON, Defendant STEPHANIE NELSON, Defendant KARI WHALEN, and Defendant SCOTT HARDEN, were actual agents, apparent agents, employees, and/or servants of Defendant CITY OF OTTAWA.

301.     At all times relevant, in committing the acts and omissions alleged in the preceding paragraphs, Defendant JAMES LESS, Defendant BRENT ROALSON, Defendant STEPHANIE NELSON, Defendant KARI WHALEN, and Defendant SCOTT HARDEN, acted within the scope of their agency, employment, and/or service of Defendant CITY OF OTTAWA.

WHEREFORE Plaintiff, JANE DOE, respectfully prays for judgement in her favor and against the Defendant CITY OF OTTAWA in an amount in excess of $75,000 that will fairly and adequately compensate the Plaintiff for compensatory injuries and damages sustained, for punitive damages, for attorney's fees, and for costs of suit.

Respectfully Submitted,

/s/ Sean P. Murray
Sean P. Murray

Sean P. Murray
Attorney No. 6275575
Grant A. Bosnich
Attorney No. 6333774
**TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC**
225 West Wacker Drive, Suite 1650, Chicago, Illinois 60606
P: 312-586-1700 / F: 312-586-1701
E: smurray@tpmblegal.com
E: gbosnich@tpmblegal.com