IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, an individual, ) | |
| ) | |
| Plaintiff, ) | Case No.   23 C 0623 |
| ) | |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| CITY OF OTTAWA, a Municipality, BRENT A. ) | |
| ROALSON, in his individual and official capacity, ) | |
| JAMES LESS, in his individual and official ) | |
| capacity, STEPHANIE NELSON, in her individual ) | |
| and official capacity, KARI WHALEN, in her ) | |
| individual and official capacity, and SCOTT ) | |
| HARDEN, in his individual and official capacity, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jane Doe has brought a twenty-seven count first amended complaint against the City of Ottawa, Brent A. Roalson, individually and in his official capacity as Chief of Police of Ottawa, James Less, individually and in his official capacity as Commission of Public Health and Safety of Ottawa, and Stephanie Nelson, Kari Whalen and Scott Harden, individually and in their official capacities as Ottawa police officers.   Counts I-V are brought against Roalston alleging violations of plaintiff's Fourth Amendment rights (Count I), violation of plaintiff's Fourteenth Amendment right to due process of law (Count II), Violation of plaintiff's Fourteenth Amendment right to equal protection of the law based on her sex (Count III), violation of plaintiff's common law right to privacy (Count IV), and Intentional infliction of Emotional Distress ("IIED") (Count V).   Counts VI-X allege the same claims against Less, Counts XI-XV allege the same claims against Nelson, Counts XVI-XX allege the same claims against Whalen, and Counts XXI-XXV are the same claims against Harden.   Count XXVI is a Monell claim

against Ottawa and Count XXVII is a respondeat superior claim against Ottawa. Defendants Ottawa, Roalson, Whalen, and Harden have brought a joint motion to dismiss the Fourteenth Amendment equal protection sex discrimination claims in Counts III, XVIII, XXIII, and the Monell claim in Count XXVI. Defendant Less has brought a separate motion to dismiss the Fourteenth Amendment equal protection sex discrimination claim against him in Count VIII. For the reasons discussed below, both motions are denied.

## BACKGROUND

On April 24, 2002, plaintiff was arrest by defendant Whalen for driving under the influence. Whalen transported plaintiff to the Ottawa police station. On that date there were cameras inside the police station that recorded video and audio footage. Plaintiff alleges that those cameras captured video footage of her while she was partially and totally nude. She further alleges upon information and belief that the individual defendants, as well as other Ottawa employees and/or agents, used their own cellular devises to capture nude pictures and videos of plaintiff from the video taken by the cameras inside the police station. She alleges, again on information and belief, that the individual defendants texted, emailed, and otherwise published and disseminated the nude pictures and video among themselves and the general public.

## DISCUSSION

The individual defendants have moved under Fed. R. Civ. P. 12(b)(6) to dismiss the sex discrimination claims for failure to state a claim. Such a motion challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); see Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, the complaint must not only

2

provide the defendant with fair notice of a claim's basis but must also be facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The sex discrimination counts (III, VIII, XVIII and XXIII) allege violations of the Equal Protection clause of the Fourteenth Amendment. Defendants argues that these counts are "merely a formulaic recitation of the elements of an equal protection claim." To state a prima facie case of discrimination under the Equal Protection Clause, plaintiff must allege that: 1) she is a member of a protected class; 2) she is otherwise similarly situated to members of the unprotected class; and 3) she was treated differently from members of the unprotected class. Brown v. Budz, 398 F.3d 904, 916 (7th Cir. 2005).

In the instant case, plaintiff alleges that defendants captured the nude video and pictures of her because she was female, and that defendants did not capture or retain such videos of male detainees in the Ottawa police station. She has obviously alleged that she is a member of a protected class and that she was similarly situated to members of the unprotected class. Defendants argue that she has failed to identify any similarly situated male detainees who were nude or partially nude and were not recorded. This asks too much of plaintiff at this stage of the proceedings. She has alleged that defendants did not record nude male detainees, and that they recorded her because she is female. This is sufficient for the court to draw a reasonable inference that defendants are liable for the alleged misconduct. At this stage, plaintiff does not

have to provide the name of a specific similarly situated male.  At this early stage of the case, plaintiff "need not plead more facts than necessary to give [defendants] 'fair notice of what the claim is and the grounds upon which it rests.'"  Doe v. Bd. of Education of the City of Chicago, 611 F. Supp. 3d 516, 533 (N.D. Ill. 2020) (quoting Huri v. Office of the Chief Judge od the Ci. Court of Cook Cty., 804 F.3d 816, 832 (7th Cir. 2015)).  She has done that.  Consequently, the court denies defendants motion to dismiss the equal protection sex discrimination counts.

Count XXVI asserts a Monell[1] claim against Ottawa.  Under Monell, a municipality can be liable for an alleged constitutional violation if the violation was caused by: 1) an official policy adopted by the municipality; 2) a custom or practice that is not written but is so widespread and well settled that it has become a de facto policy: or 3) an official with final policy making authority.  Thomas v. Cook Cty Sheriff's Dept., 604 F.3d 293, 303 (7th Cir. 2010).

Ottawa argues that the Count contains mere conclusory allegations and boilerplate recitations of Monell's requirements.  The court disagrees.  The complaint alleges that Ottawa has failed to properly train, instruct and supervise its employees on the right to privacy and other rights afforded citizens by the Constitution and common law, and these failures facilitate the type of misconduct alleged by failing to investigate and punish similar misconduct.  In addition, plaintiff alleges that as a matter of widespread practice defendants violate the rights of individuals in a manner similar to that alleged by plaintiff on a regular basis, yet defendants make findings of wrongdoing in a disproportionately small number of cases.  Finally, plaintiff alleges on information and belief that on April 24, 2022, and before, other similar acts of

---

1 See Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978).

misconduct occurred where defendants and other Ottawa officials would share videos and photos captured from the Ottawa police station cameras, and no punishment was issued.

Defendants fault plaintiff for failing to identify specific instances where defendants or other officials share videos, but again that askes too much of plaintiff at this stage. There is no heightened pleading standards for Monell claims. White v. City of Chicago, 829 F.3d 837, 844 (7th Cir. 2016). Plaintiff is "not required to identify every other or even one other individual" who has been injured by the alleged policy. Id. Moreover, the complaint alleges that defendant Roalston, in his official capacity as Chief of Police, both published the nude videos and photos and failed to prevent others from doing so. Consequently, the complaint plausibly alleges that plaintiff's injury was caused by an official with final policy making authority. The motion to dismiss Count XXVI is denied.

## CONCLUSION

For the reasons discussed above the motions to dismiss for failure to state a claim [36, 38] are denied. Defendants are directed to answer the appropriate Counts by August 18, 2023. The parties are directed to file a joint status report on this court's form by August 27, 2023.

ENTER:

**Robert W. Gettleman**
**United States District Judge**

**DATE:    July 21, 2023**